Nelson Day v. Houston & Texas Central Railway Company.

Decided April 19, 1907.

**Personal Injury—Assumed Risk.**

In a suit by an employee for personal injuries caused by a rock slipping from the hooks of a derrick and falling upon him, when it appeared from the undisputed evidence that plaintiff had been engaged in the work about five days; that he knew that the rock being lifted by the derrick was soft; that the hooks of the derrick were blunt; that during the time of his employment many of the rocks had slipped from the hooks of the derrick and fallen; and, notwithstanding this knowledge, he got partially under a suspended rock to perform an order of the vice principal; the employee in getting under the suspended rock assumed the risk of its falling, and the court properly instructed a verdict for defendant.

Appeal from the County Court of Waller County. Tried below before Hon. J. D. Harvey.

R. E. Hannay and J. V. Meek, for appellant.—In order to constitute an assumption of the risk from a defect it is not only necessary that the servant should know of the defect, but the danger

arising therefrom must also be known to him or within the observation of a reasonably prudent man in his situation, and whether the servant used ordinary care under the circumstances is for the jury to decide. Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347; Galveston, H. & S. A. Ry. Co. v. Smith, 24 Texas Civ. App., 131; Galveston, H. & S. A. Ry. Co. v. Hughes, 54 S. W. Rep., 264; City of Hillsboro v. Jackson, 44 S. W. Rep., 1011; St. Louis & S. F. Ry. Co. v. McClain, 80 Texas, 85; Bonnet v. Galveston, H. & S. A. Ry. Co., 89 Texas, 72.

Appellant having never seen a rock fall at or near the flume after it had been elevated, and working under the direct orders of appellee's vice-principal, he would have the right to rely upon the judgment of his master that the service could be performed with safety by the exercise of ordinary care. Hillsboro Oil Co. v. White, 54 S. W. Rep., 432; Missouri Pacific Ry. Co. v. Watts, 64 Texas, 568; Wall v. Texas & Pacific Ry. Co., 2 Posey U. C., 434; Howard Oil Company v. Farmer, 56 Texas, 301; Baily's Personal Injuries, secs. 900, 902, 903 and 913.

*Baker, Botts, Parker & Garwood,* and *John C. Box,* for appellee.—When the servant knows of the defective condition of an appliance used in his work, and the danger arising from such defect, or where the defect is so open and obvious that any person of ordinary intelligence must necessarily have known of such danger, and he is thereafter injured, as a natural and proximate result of such known defect, he can not recover damages for such injury. Texas & P. Ry. v. French, 86 Texas, 96; Galveston, H. & S. A. Ry. v. Lempe, 59 Texas, 20; Texas & P. Ry. v. Bradford, 66 Texas, 733; Rogers v. Galveston City Ry., 76 Texas, 503; Missouri Pac. Ry. v. Somers, 78 Texas, 440; St. Louis S. W. Ry. v. Rea, 12 Texas Ct. Rep., 990; Hightower v. Gray, 11 Texas Ct. Rep., 393; Jones v. Galveston, H. & S. A. Ry., 31 S. W. Rep., 706; Brown v. Miller, 62 S. W. Rep., 547; Gulf, C. & S. F. Ry. v. Schwabbe, 1 Texas Civ. App., 573; Ft. Worth Stock Yards Co. v. Whittenberg, 9 Texas Ct. Rep., 108; Missouri K. & T. Ry. v. Spellman, 34 S. W. Rep., 298.

GILL, CHIEF JUSTICE.—In this cause Nelson Day sought damages of the railroad company for personal injuries sustained by him as a result of the fall of a rock from a derrick while he was engaged therewith as an employee of the company. The defendant is alleged to have negligently permitted the iron hooks or "dogs" which clasped the rock to become dulled and blunt and thus the rock was caused to fall. The defendant answered by pleas of contributory negligence and assumed risk. The court after hearing the evidence instructed a verdict for defendant.

The material facts, which are undisputed, are as follows: The company was engaged in repairing a bridge across a small creek. For this purpose rock was being quarried from the bank of the creek and, by means of a derrick operated by a small stationary engine, was lifted to the point in the stream where it was intended to be placed. The rock was soft sandstone saturated with water, was very heavy and

many of them had fallen near the bank because the hooks would slip or the rock slough off because of its softness  For five days the plaintiff had been working about the bridge, getting out the rock, drilling holes in them for the points of the hooks to be placed in, and attaching the hooks thereto so that they could be lifted by the derrick to their proper places.  Plaintiff knew the character of the rocks and the fact that the points of the hooks were blunt, and during the time he was at work there prior to the accident saw many of them slip from the derrick after they had been lifted and swung over the stream. According to his statement all these had fallen near the bank and none had fallen in midstream where the accident occurred.

On the occasion of the accident the derrick had lifted a rock weighing about 1,200 pounds and it was swung out near the center of the stream.  The defendant's vice-principal directed plaintiff to attach a line to the hooks in order that they might be detached when the rock was placed.  This had to be done near the center of the stream where there was a wooden flume and plaintiff got into this to attach the rope.  In doing this he got partially under the rock. While in that position the rock slipped from its fastening and falling against plaintiff severely injured him.  Plaintiff admits that he knew the condition of the hooks and that he had seen several of the rocks fall, but he contends that he should be permitted to recover because he had seen no rocks fall after they were swung that far from the bank and that he ought not to be held to have assumed the risk because, although he knew the hooks were dull, he did not know the danger therefrom.

The accident occurred prior to the passage of the present statute on the assumption of risks.

We are of opinion that there was no issue for the jury and that in getting under the suspended stone the plaintiff assumed the risk of its fall.  The judgment is affirmed.

*Affirmed.*